UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOUGLAS,<br><br>                      Plaintiff,<br><br>    v.<br><br>MICHAEL SMELOSKY, Warden; WALKER, Sergeant; and VALENZUELA, Lieutenant,<br><br>                      Defendants. | Civil No.   10-CV-1464-MMA (BGS)<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS SMELOSKY AND VALENZUELA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

      Plaintiff Robert Douglas, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint on July 12, 2010, pursuant to 42 U.S.C. §1983. ("Compl.", Doc. No. 1.) Douglas asserts a claim against Defendants Michael Smelosky, Sergeant Walker and Lieutenant Valenzuela for violation of his Eighth Amendment rights based upon freedom from cruel and unusual punishment. (*Id.*) On November 30, 2010, Defendants Smelosky and Valenzuela filed a motion to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. No. 9.) On January 27, 2011, *nunc pro tunc* to January 18, 2011, Plaintiff filed a response in opposition. (Doc. No. 12.) Defendants did not file a reply.

      This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation ("R&R"). On January 13, 2011, the Court determined that this matter is appropriate for resolution without oral argument and submitted the motions on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 10.) For the reasons set forth below, the Court

**RECOMMENDS** that Defendant Smelosky and Valenzuela's motion to dismiss be **GRANTED WITH LEAVE TO AMEND**.

## Background

Plaintiff Robert Douglas is a California state prisoner, proceeding pro se and in forma pauperis on his Complaint filed pursuant to 42 U.S.C. §1983. (Compl. at 1.) Plaintiff asserts one cause of action for violation of his Eight Amendment rights to be free from cruel and unusual punishment against Defendants Michael Smelosky, Warden of Centinela State Prison; Walker, a sergeant at Centinela State Prison; and Valenzuela, a lieutenant at Centinela State Prison. (*Id.* at 2.) Plaintiff sues Defendants in their individual and official capacities. (*Id.* at 2.) The following description of events is taken from Plaintiff's Complaint and is not to be construed as findings of fact by the Court.

Plaintiff alleges that on July 8, 2008, he was ordered by Sgt. Walker to sit on a dayroom bench next to another inmate during cell searches. (*Id.* at 3.) When Plaintiff stated that there was no room for him to sit because the other inmate refused to move over, Sgt. Walker accused Plaintiff of refusing a direct order. (*Id.* at 3.) Plaintiff alleges that in retaliation, Sgt. Walker escorted Plaintiff outside where SWAT personnel forced Plaintiff, who was bare-chested, up against the housing unit wall in approximate 100º weather. (*Id.* at 3.) Sgt. Walker, Lt. Valenzuela, and SWAT personnel mocked Plaintiff about how hot it was and how it must burn. (*Id.* at 3.) Lt. Valenzuela asked Plaintiff several times during the search whether he had a problem with Sgt. Walker. (*Id.* at 3.) When Plaintiff noticed that SWAT personnel were discarding his personal property during the search and brought it to the attention of Lt. Valenzuela, plaintiff was again escorted outside where he was placed up against the hot wall. (*Id.* at 3.) SWAT personnel threatened to keep Plaintiff in that position until the entire search was over. (*Id.* at 3.)

After Plaintiff returned to his cell, his cell-mate began throwing out paper under the cell door. (*Id.* at 3.) SWAT personnel came to the cell door and claimed that Plaintiff threw the paper out the door. (*Id.* at 3.) Lt. Valenzuela ordered the SWAT personnel to escort Plaintiff outside where he was placed in a squad van with the door closed. (*Id.* at 3.) Officers, SWAT personnel, and Lt. Valenzuela mocked Plaintiff about how hot it must be inside the van. (*Id.* at 3.) Plaintiff sweat so

much that he could not see. (*Id.* at 3.) When Plaintiff exited the van, he stumbled and had to be carried back inside the housing unit. (*Id.* at 3.) Medical staff arrived and registered nurse Laughrin started taking Plaintiff's vitals. (*Id.* at 3.) Lt. Valenzuela asked Laughrin to give him a minute with Plaintiff. (*Id.* at 3.) SWAT personnel surrounded Plaintiff and Lt. Valenzuela asked Plaintiff what happened, which Plaintiff could not answer. (*Id.* at 3.) Lt. Valenzuela then began calling Plaintiff a "punk bitch" until Plaintiff passed out. (*Id.* at 3.)

Defendants Smelosky and Valenzuela move to dismiss for failure to state a claim against Defendant Warden Smelosky and for failure to state a claim for monetary damages against the official-capacity defendants. (Doc. No. 9-1.) Plaintiff argues that the Court should deny Defendants' motion because his Complaint survived the Court's sua sponte screening under 28 U.S.C. §1915. (Doc. No. 12 at 1-2.) As the Court cautioned in its order screening the Complaint, "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." (Doc. No. 4 at 4 (citing *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D.Cal.2007).) Therefore, the Court will consider the merits of Defendants' motion to dismiss.

**Discussion**

**I. Legal Standard**

The plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ––U.S. ––, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, factual allegations asserted by pro se plaintiffs, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard still applies to pro se pleadings post-*Twombly*). Thus, where a plaintiff appears pro se in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under §1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

**II. Analysis**

**A. Plaintiff's claim against Warden Smelosky**

Plaintiff alleges that "Defendant Smelosky failed to protect plaintiff from Cruel and Unusual Punishment while acting under color of law." (Compl. at 2.) Defendant Smelosky argues that Plaintiff fails to state a claim against him under §1983 because there is no respondeat superior liability under §1983 and because Plaintiff fails to plead any facts supporting a claim that Smelosky failed to protect Plaintiff from cruel and unusual punishment. (Doc. No. 9-1 at 3.)

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg*

*Bros., Inc. v. Brooks,* 436 U.S. 149 (1978). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Under §1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir.1984). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Starr v. Baca*, 633 F.3d 1191, 1196 (9th Cir. 2011) (holding that *Iqbal* did not change case law on deliberate indifference claims against supervisors in conditions of confinement cases and therefore, "a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others"). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

Plaintiff's only allegation regarding Smelosky is that Smelosky was the Warden at Centinela State Prison and failed to protect Plaintiff from cruel and unusual punishment. (Compl. at 2.) Prison officials are required to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). To state a claim for failure to protect, an inmate must allege facts supporting that he was incarcerated under conditions posing a substantial risk of harm and that jail officials were "deliberately indifferent" to the inmate's safety. *Farmer*, 511 U.S. at 834; *Redman,* 942 F.2d at 1443. To adequately allege deliberate indifference, a plaintiff must set forth

facts to support that a defendant official knew of an excessive risk to inmate safety, but disregarded the risk. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *Redman*, 942 F.2d at 1442.

The Court finds that Plaintiff has not alleged facts to support a supervisory liability claim against Smelosky for the alleged constitutional violations of his subordinates, Sgt. Walker and Lt. Valenzuela. Even construing the pleadings liberally, Plaintiff's Complaint is devoid of any factual allegations against Warden Smelosky. Plaintiff has not alleged facts supporting that Smelosky participated in or directed Sgt. Walker and Lt. Valenzuela to place Plaintiff against a hot wall and in a van with the doors closed. As for his legally conclusory allegation that Smelosky failed to protect Plaintiff, Plaintiff has not alleged facts supporting that Smelosky knew of Sgt. Walker's and Lt. Valenzuela's intended actions and disregarded the risk of harm to Plaintiff by failing to prevent their actions. Therefore, Plaintiff has not sufficiently alleged that Smelosky was deliberately indifferent to Plaintiff's safety. Nor has Plaintiff alleged facts supporting that Warden Smelosky implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and was the moving force of the violations alleged in his Complaint.

Accordingly, the Court finds that Plaintiff fails to state a plausible claim for relief against Warden Smelosky and **RECOMMENDS** the motion to dismiss this claim be **GRANTED without prejudice and with leave to amend**. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

**B. Plaintiff's claims against Defendants in their Official Capacities**

Plaintiff sues all three defendants in both their individual and official capacities and seeks relief in the form of monetary damages. (Compl. at 2 & 7.) Defendants argue that Plaintiff's claims against them in their official capacities for monetary damages are barred by the Eleventh Amendment and therefore fail to state claims upon which relief may be granted. (Doc. No. 9-1 at 4.) It is well established that the Eleventh Amendment bars a prisoner's §1983 claims for monetary damages against state actors sued in their official capacities. *See Will v. Mich. Dep't of State Police*,

491 U.S. 58, 66, 71 (1989) (emphasizing that the amendment prohibits damages actions against the "official's office," in other words, actions that are in reality suits against the state itself, rather than its individual officials); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992).

The courts have recognized a vital exception to this general rule. In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that a suit for prospective relief provides a narrow exception to Eleventh Amendment immunity. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 840 (9th Cir. 1997). When sued for prospective relief, a state official, in his official capacity, is not immunized from liability under the Eleventh Amendment. *See Flint*, 488 F.3d at 825.

Thus, to the extent Plaintiff sued Defendants in their official capacities seeking monetary damages as a remedy, his claims are barred by the Eleventh Amendment and must be dismissed. Plaintiff has not requested any prospective relief in his Complaint. Therefore, this Court **RECOMMENDS** the claims for damages against all Defendants in their official capacity be **DISMISSED with prejudice and without leave to amend**. Plaintiff cannot plead facts sufficient to overcome the eleventh amendment bar to these claims. *See Will*, 491 U.S. at 71 n. 10.

### Conclusion and Recommendation

For the reasons stated above, the Court recommends that Defendants Smelosky and Valenzuela's Motion to Dismiss be **GRANTED** and:

1. the claim against Warden Smelosky be dismissed without prejudice and with leave to amend;

2. the official capacity claims for monetary damages against Defendants be dismissed with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. §636(b)(1).

**IT IS HEREBY ORDERED** that no later than **July 15, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be

/ / /

1  captioned "Objections to Report and Recommendation."

2  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
3  and served on all parties within **10 days** of being served with the objections. The parties are advised
4  that failure to file objections within the specified time may waive the right to raise those objections
5  on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6  **IT IS SO ORDERED.**

7  DATED: June 17, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge