UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOUGLAS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL SMELOSKY; *et al.*,<br><br>　　　　　　　　　　　Defendants. | Civil No.　10-CV-1464-GPC (BGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF COUNSEL** |

On October 4, 2012, *nunc pro tunc* to September 10, 2012, Plaintiff Robert Douglas, a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. §1983, filed an ex parte motion to appoint counsel to assist in the preparation and prosecution of the case. (Doc. No. 47.) This is Plaintiff's fourth request to appoint counsel. (*See* Doc. No. 3; Doc. No. 13; & Doc. No. 27.) On August 27, 2010, the Court denied Plaintiff's first request. (Doc. No. 4.) On June 22, 2011, the Court denied Plaintiff's second request. (Doc. No. 15.) Most recently, on April 2, 2012, the Court denied Plaintiff's third request. (Doc. No. 31.) For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Plaintiff's current motion for appointment of counsel.

In Plaintiff's current motion to appoint counsel, he makes the identical arguments as to why the Court should appoint him counsel as he did in his previous motions to appoint counsel. (Doc. Nos. 13 & 27.) Again, Plaintiff argues the Court should appoint him counsel because he is indigent and unable to afford to retain the services of private counsel, the complaint involves allegations of deliberate indifference and violations of Plaintiff's constitutional rights, the complexities of the

issues raise the possibility that expert witnesses may have to be called and extensive discovery conducted, Plaintiff is ill-equipped to match seasoned litigators if this case goes to trial, an appointed counsel would better protect Plaintiff's interests in any cross-examination and presentation of law, he is a prisoner suing prison officials and will be stymied in any effort to interview defense witnesses or obtain discovery from the prison, and he will be playing on an uneven playing field without counsel. (Doc. No. 27.)

As established in this Court's previous Order Denying Motion for Appointment of Counsel (Doc. No. 15), "[t]here is no constitutional right to appointed counsel in a §1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, districts courts have discretion, pursuant to 28 U.S.C. §1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. The Court previously denied Plaintiff's request and nothing has substantially changed in this case since that time to change the Court's analysis. Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint contains allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* Doc. No. 4 at 4.) Although Defendant's motion to dismiss was granted in part, Plaintiff's complaint against Defendant Valenzuela in his individual capacity

survived Defendant's Motion to Dismiss, triggering Defendant's answer and a period of discovery.[1] (*See* Doc. No. 18 at 2-3; Doc. No. 20; Doc. No. 23.) Defendant Valenzuela has filed a Motion for Summary Judgment, which is currently pending. (Doc. No. 41.) Plaintiff filed a motion to extend time to file a response in opposition, which was granted by the Court. (Doc. Nos. 44 & 45.) Given Plaintiff's demonstrated ability to articulate his claims and given Plaintiff's likelihood of success on the merits is unclear at this stage in light of the pending summary judgment motion, the Court does not find exceptional circumstances warranting the appointment of counsel.

As this Court previously noted in its Order Denying Motion for Appointment of Counsel, any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). Nonetheless, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."); *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

This court previously found that Plaintiff's arguments regarding his ability to obtain discovery, the potential need for experts, and his comparative ability to cross-examine witnesses are not exceptional circumstances warranting the appointment of counsel at this time. (Doc. No. 15 at 3.) Furthermore, most of Plaintiff's arguments are not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se. Id.*; *see Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). For those reasons, the Court found that exceptional circumstances which might require the appointment of counsel did not exist. (Doc. No. 15 at 3.)

Plaintiff's present motion does not change this analysis. Accordingly, the Court must once

---

[1] Plaintiff's other claim against Defendant Smelosky in his individual capacity was dismissed with leave to amend and Plaintiff chose not to amend. (*See* Doc. No. 18 at n.1)

3

1 | again DENY Plaintiff's motion for appointment of counsel.

2 | **IT IS SO ORDERED**.

Dated: October 9, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge

4