1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

| | |
|---|---|
| ROBERT DOUGLAS, | Civil No.    10-CV-1464-GPC (BGS) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF COUNSEL** |
| MICHAEL SMELOSKY; *et al.*, | |
| Defendants. | |

16

17

18

19

20

21

22

23

On October 4, 2012, *nunc pro tunc* to September 10, 2012, Plaintiff Robert Douglas, a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. §1983, filed an ex parte motion to appoint counsel to assist in the preparation and prosecution of the case. (Doc. No. 47.) This is Plaintiff's fourth request to appoint counsel. (*See* Doc. No. 3; Doc. No. 13; & Doc. No. 27.) On August 27, 2010, the Court denied Plaintiff's first request. (Doc. No. 4.) On June 22, 2011, the Court denied Plaintiff's second request. (Doc. No. 15.) Most recently, on April 2, 2012, the Court denied Plaintiff's third request. (Doc. No. 31.) For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Plaintiff's current motion for appointment of counsel.

24

25

26

27

28

In Plaintiff's current motion to appoint counsel, he makes the identical arguments as to why the Court should appoint him counsel as he did in his previous motions to appoint counsel. (Doc. Nos. 13 & 27.) Again, Plaintiff argues the Court should appoint him counsel because he is indigent and unable to afford to retain the services of private counsel, the complaint involves allegations of deliberate indifference and violations of Plaintiff's constitutional rights, the complexities of the

1

1    issues raise the possibility that expert witnesses may have to be called and extensive discovery

2    conducted, Plaintiff is ill-equipped to match seasoned litigators if this case goes to trial, an appointed

3    counsel would better protect Plaintiff's interests in any cross-examination and presentation of law,

4    he is a prisoner suing prison officials and will be stymied in any effort to interview defense

5    witnesses or obtain discovery from the prison, and he will be playing on an uneven playing field

6    without counsel.  (Doc. No. 27.)

7        As established in this Court's previous Order Denying Motion for Appointment of Counsel

8    (Doc. No. 15), "[t]here is no constitutional right to appointed counsel in a §1983 action." *Rand v.*

9    *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353

10   (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th

11   Cir. 1994).   However, districts courts have discretion, pursuant to 28 U.S.C. §1915(e)(1), to

12   "request" that an attorney represent indigent civil litigants upon a showing of "exceptional

13   circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.

14   2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking

15   assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and

16   an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal

17   issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331

18   (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

19       The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor

20   exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,827 F.2d

21   622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.  The Court previously denied Plaintiff's request

22   and nothing has substantially changed in this case since that time to change the Court's analysis.

23   Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint

24   contains allegations sufficient to survive the sua sponte screening required by 28 U.S.C.

25   §§1915(e)(2) and 1915A(b). (*See* Doc. No. 4 at 4.)  Although Defendant's motion to dismiss was

26   granted in part, Plaintiff's complaint against Defendant Valenzuela in his individual capacity

27

28

1  survived Defendant's Motion to Dismiss, triggering Defendant's answer and a period of discovery.[1]

2  (*See* Doc. No. 18 at 2-3; Doc. No. 20; Doc. No. 23.)  Defendant Valenzuela has filed a Motion for

3  Summary Judgment, which is currently pending.  (Doc. No. 41.)  Plaintiff filed a motion to extend

4  time to file a response in opposition, which was granted by the Court.  (Doc. Nos. 44 & 45.)  Given

5  Plaintiff's demonstrated ability to articulate his claims and given Plaintiff's likelihood of success

6  on the merits is unclear at this stage in light of the pending summary judgment motion, the Court

7  does not find exceptional circumstances warranting the appointment of counsel.

8      As this Court previously noted in its Order Denying Motion for Appointment of Counsel, any

9  pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525

10  (citing *Wilborn*, 789 F.2d at 1331). Nonetheless, so long as a pro se litigant, like Plaintiff in this

11  case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional

12  circumstances" which might require the appointment of counsel do not exist. *Id.* (finding no abuse

13  of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite

14  fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the

15  securing of expert testimony."); *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

16      This court previously found that Plaintiff's arguments regarding his ability to obtain

17  discovery, the potential need for experts, and his comparative ability to cross-examine witnesses are

18  not exceptional circumstances warranting the appointment of counsel at this time.  (Doc. No. 15 at

19  3.)  Furthermore, most of Plaintiff's arguments are not based on the complexity of the legal issues

20  involved but rather on the general difficulty of litigating *pro se. Id.*; *see Wilborn v. Escalderon*, 789

21  F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the

22  complexity of the relevant issues was a demonstration of the need for development of further facts,

23  practically all cases would involve complex legal issues.").  For those reasons, the Court found that

24  exceptional circumstances which might require the appointment of counsel did not exist. (Doc. No.

25  15 at 3.)

26      Plaintiff's present motion does not change this analysis.  Accordingly, the Court must once

27

28

[1]

Plaintiff's other claim against Defendant Smelosky in his individual capacity was dismissed with leave to amend and Plaintiff chose not to amend.  (*See* Doc. No. 18 at n.1)

1  again DENY Plaintiff's motion for appointment of counsel.

2      **IT IS SO ORDERED**.

3

   Dated: October 9, 2012

4

   **BERNARD G. SKOMAL**
   United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28