UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOUGLAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL SMELOSKY, Warden, et al.,<br><br>　　　　Defendants. | Case No. 3:10-cv-1464-GPC-BGS<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION, (ECF NO. 70);**<br><br>**(2) DENYING IN PART AND GRANTING IN PART MOTION FOR SUMMARY JUDGMENT, (ECF NO. 66);**<br><br>**(3) RESETTING PRETRIAL DATES AND DEADLINES** |

　　　On August 6, 2012, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when Plaintiff was forced to stand bare-chested against a hot wall and then locked in a hot, unventilated van. (ECF No. 1.) The case was assigned to Magistrate Judge Skomal for disposition on report and recommendation.

　　　Only Plaintiff's claim against defendant Valenzuela in his individual capacity remains. (See ECF No. 18.) On January 30, 2014, Valenzuela filed a motion for summary judgment, (ECF No. 66), which Plaintiff opposed on March 28, 2014, (ECF No. 69).

On June 19, 2014, Magistrate Judge Skomal issued a report and recommendation ("Report"), recommending that Valenzuela's Motion for Summary Judgment be denied in part and granted in part—denied as to Plaintiff's claim that he was locked in a hot, unventilated van and granted as to Plaintiff's claim that he was forced to stand bare-chested against a hot wall. (ECF No. 70.) Magistrate Judge Skomal set a deadline of July 7, 2014, to file any objections to the Report. To date, the Court has received no objections to the Report.

A district judge's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, a district judge "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Ct., 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Because no objections to the Report have been filed, the Court assumes the correctness of Magistrate Judge Skomal's factual findings and adopts them in full. The Court has conducted a de novo review of Magistrate Judge Skomal's legal conclusions and finds the Report provides a cogent analysis of Valenzuela's Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report, (ECF No. 70), is **ADOPTED** in its entirety.
2. Valenzuela's Motion for Summary Judgment, (ECF No. 66), is **DENIED**

|   |   |   |
|---|---|---|
| 1 |   | **IN PART and GRANTED IN PART**. |
| 2 | 3. | Magistrate Judge Skomal is directed to set a **mandatory settlement** |
| 3 |   | **conference** at the earliest opportunity. |
| 4 | 4. | All parties or their counsel shall also fully comply with the pretrial |
| 5 |   | disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or |
| 6 |   | before **September 19, 2014**.  **Failure to comply with these disclosures** |
| 7 |   | **requirements could result in evidence preclusion or other sanctions** |
| 8 |   | **under Federal Rule of Civil Procedure 37**; |
| 9 | 5. | The parties or their counsel shall meet together and take the action |
| 10 |   | required by Local Rule 16.1(f)(4) on or before **September 26, 2014**.  At |
| 11 |   | this meeting, the parties or their counsel shall discuss and attempt to enter |
| 12 |   | into stipulations and agreements resulting in simplification of the triable |
| 13 |   | issues.  The parties or their counsel shall exchange copies and/or display |
| 14 |   | all exhibits other than those to be used for impeachment.  The exhibits |
| 15 |   | shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  The parties |
| 16 |   | or their counsel shall note any objections they have to any other party's |
| 17 |   | pretrial disclosures under Fed. R. Civ. P. 26(a)(3).  The parties and their |
| 18 |   | counsel shall cooperate in the preparation of the proposed pretrial |
| 19 |   | conference order.  Counsel for Defendants shall have the duty of |
| 20 |   | arranging these meetings. |
| 21 | 6. | Counsel for Defendants shall be responsible for arranging the meetings |
| 22 |   | and preparing the proposed pretrial order required by Local Rule |
| 23 |   | 16.1(f)(6). On or before **October 3, 2014**, defense counsel must provide |
| 24 |   | Plaintiff or his counsel with the proposed pretrial order for review and |
| 25 |   | approval.  Plaintiff or his counsel must communicate promptly with |
| 26 |   | defense counsel concerning any objections to form or content of the |
| 27 |   | proposed order, and both parties shall attempt to promptly resolve their |
| 28 |   | differences, if any, concerning the proposed order. |

| | | |
|---|---|---|
| 1 | 7. | The proposed pretrial order, including objections to any other party's Federal Rule 26(a)(3) pretrial disclosures shall be prepared, served, and lodged with the undersigned's chambers on or before **October 10, 2014**, and shall be in the form prescribed in, and comply with, Local Rule 16.1(f)(6). |
| 6 | 8. | The final pretrial conference shall be held before the undersigned on **October 17, 2014, at 1:30 p.m.**  Defense counsel shall be responsible for coordinating Plaintiff's telephonic appearance at the final pretrial conference. |
| 10 | 9. | Dates for motions in limine and trial will be set at the final pretrial conference. |

DATED: July 15, 2014

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge