UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOUGLAS, CDCR #J-27715,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL SMELOSKY, Warden, et al.,<br><br>    Defendants. | Case No. 10cv1464 GPC (BGS)<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. CAL. GEN. ORDER 596** |

    Plaintiff, a prisoner currently incarcerated at California Men's Colony in San Luis Obispo, California, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) on August 27, 2010, in this civil rights action, which he has been prosecuting *in pro se* ever since pursuant to 42 U.S.C. § 1983.

    Throughout the course of this case, Plaintiff requested but was denied appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), each time because the Court found he was able to articulate his claims "in light of the complexity of the legal issues involved" and because he had yet to demonstrate a "likelihood of success on the merits." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also* Doc. Nos. 4, 15, 31, 50.

As Plaintiff knows, there is no right to counsel in a civil action, although the court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances may exist if an indigent plaintiff can demonstrate both "[a] likelihood of success on the merits," as well as an inability to proceed in *pro se* "in light of the complexity of the legal issues involved." *Id.* (citation omitted).

While the Court has on four prior occasions found Plaintiff was not entitled to the appointment of counsel under the standards governing 28 U.S.C. § 1915(e)(1), on July 17, 2014, Plaintiff's "likelihood of success on the merits" increased when this Court adopted Magistrate Judge Skomal's recommendation to grant in part and deny in part Defendant Valenzuela's Motion for Summary Judgment (Doc. Nos. 70, 71). As a result, because Plaintiff's Eighth Amendment claims against Defendant Valenzuela will now necessitate a trial in this matter, the Court elected to exercise its discretion under 28 U.S.C. § 1915(e)(1), and on July 22, 2014, issued a Notice that it would request an attorney on its volunteer Pro Bono Panel to represent Plaintiff for purposes of trial and any other further proceedings scheduled in this case (Doc. No. 73).

In conjunction with 28 U.S.C. § 1915(e)(1), the Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," as adopted by S.D. Cal. General Order 596, provides that the Court may request the appointment of pro bono counsel "*as a matter of course* for purposes of trial in each prisoner civil rights case where summary judgment has been denied." (emphasis added).

The Court has since randomly selected a volunteer attorney from the Court's Pro Bono Panel, and has confirmed that a member of the Panel is available and has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings before this Court. *See* S.D. CAL. GEN. ORDER NO. 596.

/ / /

**Conclusion and Order**

Accordingly, the Court hereby **APPOINTS** David Zugman, of the Law Office of Burcham and Zugman, 964 5th Avenue, Suite 300, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.

Pursuant to S.D. CAL. CIVLR 83.3(g)(2), Pro Bono Counsel shall file, within fourteen (14) days of this Order if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such substitution shall be considered approved by the Court upon its filing, and Pro Bono Counsel shall thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court and in this matter only*. *See* S.D. CAL. CIVLR 83.3(g)(1), (2).

The Court further **DIRECTS** the Clerk of the Court to serve Mr. Zugman with a copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3(f)(2).

**IT IS SO ORDERED**.

DATED: September 3, 2014

HON. GONZALO P. CURIEL
United States District Judge