UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT DOUGLAS,<br><br>                                Plaintiff,<br>   v.<br><br>MICHAEL SMELOSKY et al.,<br>                                Defendants. | CASE NO. 3:10-cv-1464-GPC-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>[ECF No. 105] |
|---|---|

Before the Court is Plaintiff's October 13, 2015 motion for attorney's fees. Pl. Mot., ECF No. 105. The motion has been fully briefed. Def. Opp., ECF No. 106; Pl. Reply, ECF No. 107. Upon consideration of the moving papers and the applicable law, the Court **GRANTS** Plaintiff's motion for attorney's fees.

## BACKGROUND

Plaintiff Robert Douglas, a state prisoner, originally filed a complaint against Defendants Smelosky, Walker, and Valenzuela, state prison officials and officers, on July 12, 2010. Compl. 1–2, ECF No. 1. The Plaintiff asserted a 42 U.S.C. §1983 cause of action for cruel and unusual punishment under the Eighth Amendment for actions allegedly taken by the Defendants during a search of his cell. Compl. 3. After the case partially survived a motion to dismiss, ECF No. 18, and a motion for summary judgment, ECF No. 71, with a single named Defendant (Defendant Valenzuela), attorney David Zugman was appointed as pro-bono counsel for

Plaintiff per the Court's direction on September 3, 2014, ECF No. 81. Attorney Zugman entered his appearance on September 25, 2014.

On October 22, 2014, parties appeared at a mandatory settlement conference before Magistrate Judge Skomal. ECF No. 88. On October 31, 2014, parties agreed to settle the case for $10,000 at a follow-up settlement conference before the Magistrate Judge. Transcript of Oct. 31, 2014 Settlement Conference ("Transcript") at 2–4, ECF No. 98. No mention was made of attorney's fees during this settlement conference. *See generally id.* On November 5, 2014, Defendant's counsel proffered a settlement agreement which included an attorney fees waiver. Feb. 3, 2015 Order Granting Motion to Compel Settlement Agreement ("Settlement Order") 2, ECF No. 97. In response, Plaintiff filed a motion to compel the Defendant to provide a settlement agreement without an attorney fees waiver on December 5, 2014. *Id.* In their opposition to Plaintiff's motion, Defendant argued that prefatory remarks made by Plaintiff's counsel in the initial October 22, 2014 settlement conference regarding a waiver of attorney's fees were part of the agreement. *Id.* at 3. However, the Magistrate Judge ruled in favor of the Plaintiff, finding that a statement made by counsel at the outset of settlement negotiations did not constitute a "clear and unambiguous" attorney fees waiver as required under Ninth Circuit precedent. *Id.* The Magistrate Judge accordingly ordered the Defendant to produce a settlement agreement that did not include an attorney fees waiver. *Id.* at 4.

On February 13, 2015, Defendant gave the Court notice of his compliance with the Magistrate Judge's Settlement Order. ECF No. 99. On September 30, 2015, the Court approved the parties' joint stipulation to dismiss the case with prejudice. ECF No. 104. On October 13, 2015, Attorney Zugman filed the motion for attorney's fees. ECF No. 105. On November 20, 2015, Defendant responded. ECF No. 106. On November 27, 2015, Plaintiff replied. ECF No. 107.

## LEGAL STANDARD

42 U.S.C. § 1988(b) provides that a court, "in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" "[i]n any action or proceeding to enforce a provision" of various federal civil rights statutes, including 42 U.S.C. §1983. "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (citations omitted). In a civil rights action, reasonable attorney's fees are calculated using the "lodestar" approach, which multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

## DISCUSSION

Plaintiff requests $14,900.00 in attorney's fees and $283.00 in costs for printing, postage, and legal research fees. Pl. Mot. 10. Plaintiff's counsel states that he spent 94.6 hours litigating this case. *Id.* Plaintiff's counsel states that he has over 18 years of legal experience and has billed $300.00/hour in other civil rights cases, Zugman Decl. 1–3, ECF No. 105, but that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(d), caps the hourly rate at $190.50/hour, and the total award of attorneys fees to 150% of the judgment, i.e. $15,000, Pl. Mot. 8 (citing *Dannenberg v. Valadez*, 338 F.3d 1070 (9th Cir. 2003)). Thus, even though Plaintiff's counsel would otherwise collect $18,021.30 at the PLRA hourly rate, the cap for attorney's fees here is $15,000. Subtracting $100 as contribution from Plaintiff Douglas, Plaintiff's counsel requests $14,900. Pl. Mot. 10.

Defendant makes three arguments against the award of attorney's fees: (1) the Plaintiff should not be considered a prevailing party; (2) Plaintiff's counsel waived attorney's fees during the settlement negotiations; and (3) the amount requested is excessive. The Court finds each rationale unpersuasive, for the reasons discussed below.

1    First, Defendant argues that the Plaintiff should not be considered a
2 prevailing party because the parties settled the case, and for what the Defendant
3 characterizes as a "nuisance" amount. Def. Opp. 5–6. Defendant relies on
4 *Buckhannon Bd. of Care Home, Inc. v. West Va. Dep't of Health & Human*
5 *Resources*, 532 U.S. 598 (2001), to support the proposition that a plaintiff cannot be
6 the "prevailing party" where there is a settlement. Def. Opp. However, Defendant's
7 reliance on *Buckhannon* is misplaced. In *Buckhannon*, a lawsuit concerning
8 allegedly inadequate assisted living homes, the Supreme Court declined to adopt
9 plaintiffs' "catalyst theory," whereby a plaintiff should be understood as a
10 prevailing party where a lawsuit brings about a *voluntary* change in a defendant's
11 conduct. *Buckhannon*, 532 U.S. at 602. In that case, the district court dismissed the
12 case as moot after two bills enacted by the West Virginia legislature eliminated the
13 statutory requirements for assisted living homes that were at issue for the case. *Id.* at
14 601. Following the dismissal of the case, plaintiffs sought attorney's fees as the
15 "prevailing party." *Id.* The Supreme Court rejected the argument that the lawsuit
16 acting as the "catalyst" for the new legislation meant that the plaintiffs should be
17 understood as the "prevailing party" for the purposes of the Fair Housing
18 Amendments Act of 1988's ("FHAA") attorney's fees provision. *Id.* at 603.
19 However, the majority, concurrence, and dissent all agreed that the Court's holding
20 in *Buckhannon* did not disturb the Court's longstanding judgment that there can be
21 a prevailing party in a settlement agreement. *See id.* at 602, 604, 609; *see also id.* at
22 618 (Scalia. J., concurring); *id.* at 622 (Ginsburg, J., dissenting).
23    The Defendant also argues that Plaintiff is not a prevailing party because the
24 settlement was for a "nuisance" amount. Def. Opp. 6 ("Defendant admitted no
25 liability, the settlement amount was less than what Defendant anticipated as the cost
26 of re-opening discovery and going to trial would cost, and it was far below
27 Plaintiff's earlier six-figure demands."). It is true that although a plaintiff who wins
28 nominal damages is a prevailing party under § 1988, the fact that the plaintiff was

awarded only nominal damages does bear on the reasonableness of a fee award. *Farrar*, 506 U.S. at 112–14; *see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (observing that "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or de minimis," plaintiff is not a prevailing party under § 1988). However, here, it cannot be said that a $10,000 judgment is a nominal amount. The Ninth Circuit has approved reasonable attorney's fees where the settlement amount was comparable to that at issue here. *See, e.g.*, *Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988) (reversing the reduction of attorney's fees in § 1983 case where the settlement amount was $17,500); *see also Darby v. City of Torrance*, 1995 WL 23588, at *2–3 (9th Cir. Jan. 20, 1995) (rejecting defendant's arguments that the settlement amount was too small and plaintiff was not prevailing party in § 1983 case where the settlement amount was $11,000).

Second, Defendant argues that it would be unfair to award attorney's fees to Plaintiff because Plaintiff's counsel represented that he would not seek attorney's fees during the initial settlement conference. Def. Opp. 7. This argument was considered and rejected Magistrate Judge Skomal in his February 3, 2015 Settlement Agreement Order directing the Defendant to produce a settlement agreement that did not include an attorney fee waiver. The Magistrate Judge found that a statement made by counsel at the outset of settlement negotiations did not constitute a "clear and unambiguous" fee waiver as required under Ninth Circuit precedent. Settlement Order 3 (citing *Erdman v. Cochise Cnty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991)). The Court agrees with Judge Skomal. Reviewing the transcript of the October 31, 2014 Settlement Conference, Judge Skomal clearly stated that the material terms of the settlement agreement were: (1) payment of $10,000; and (2) dismissal of the case with prejudice, and repeatedly asked the parties whether they understood that all the material terms of the settlement were detailed by Judge Skomal. *See* Transcript at 2–4. While Defendant's counsel added their

1  understanding that the settlement amount would be subtracted by any restitution
2  owed by Plaintiff and that they required a "signed payee data form" from the
3  Plaintiff, no mention was made by any party of any attorney fee waiver or lack
4  thereof. *See id.* at 2–6. If Defendant wanted an attorney fee waiver included in the
5  settlement agreement, it was his responsibility, not Plaintiff's, to ensure that the
6  waiver was included as a material term during the final settlement conference.

7  Third, Defendant argues that the fees requested by Plaintiff's counsel are
8  excessive. Def. Opp. 9. Defendant argues that Plaintiff's counsel's role in the case
9  was "miminal," since he was brought in after the summary judgment stage, that 39.8
10 of the 94.6 hours was incurred after the settlement was reached on October 31,
11 2014, and that some of the fees reported may not be involving this case. Def. Opp.
12 9–11.

13 Upon review of the record, the Court disagrees that Plaintiff's counsel's role
14 in this case was "minimal." While it is true that Plaintiff's counsel was only brought
15 on after the summary judgment stage, his appointment on September 3, 2014
16 facilitated the settlement of a case that had been proceeding in litigation for over
17 four years. Of the 54.8 hours billed prior to settlement on October 31, 2014, all
18 appear to be for reasonable attorney work product related to the case. Plaintiff's
19 counsel did incur an additional 39.8 hours of work following the final settlement
20 conference on October 31, 2014, but only, it appears, because Defendant contested
21 whether attorney's fees were waived at the settlement conference, necessitating
22 Plaintiff's counsel to file an additional motion to compel before the Magistrate
23 Judge. Finally, even if 1.3 hours Defendant identifies as potentially irrelevant were
24 removed, Plaintiff's counsel would still have billed 93.3 hours for the case, which at
25 the PLRA specified rate of $190.50/hour, would at $17.773.65 still exceed the
26 $14,900 Plaintiff's counsel is requesting.

## CONCLUSION

28 For the foregoing reasons, Plaintiff's request for attorney's fees and costs,

1  ECF No. 105, is **GRANTED**. Plaintiff is awarded $14,900 in attorney's fees and
2  $283.00 in costs.
3      **IT IS SO ORDERED.**
4
5  DATED: December 3, 2015
6
7              HON. GONZALO P. CURIEL
               United States District Judge